IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Almia J. McCrief,<br><br>                Plaintiff,<br><br>vs.<br><br>Wachovia Bank a/k/a Wells Fargo Bank and Bank of America,<br><br>                Defendants. | Civil Action No. 2:12-CV-72-MBS-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

This matter is before the Court on the plaintiff's motion to remand. [Doc. 21.] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## DISCUSSION

The plaintiff argues that the case should be remanded back to state court. Respectfully, the plaintiff's allegations raise no relevant objection to the removal in this case. They are mostly a string of phrases and ideas that are not cogent together. The Court is careful in these types of cases, where *pro se* litigants are tasked with prosecuting a difficult case. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). The Court views the pleadings of the *pro se* litigant with significant liberality, knowing that an argument may lie even where it is not well explained, or suitably identified. The Court understands how difficult motions practice can be and would offer the following suggestions. The plaintiff is encouraged in future filings to be more clear in the format of his submission. He should use a larger font size, that is the size of the typing in the document, and should avoid bolding

or italicizing or capitalizing excessively. The plaintiff is also discouraged from interjecting exclamation points throughout his prose, internally and at the end of sentences. All of these formatting issues reduce the clarity and legibility of the submission.

As to the merits of any request to remand, "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2011). District courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. 28 U.S.C. § 1331(a) (2011). Here, those requirements are clearly met.

First, with regard to the amount in controversy requirement, the Complaint plainly seeks "over 1-Million Dollars" in damages, including $200,000 in actual damages. [Doc. 1 at 1.] Thus, the amount in controversy requirement is satisfied. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (stating that for purposes of diversity jurisdiction, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith").

Second, the plaintiff and the defendants are citizens of different states. The plaintiff has admitted that he is a resident of the State of South Carolina. [Doc. 15 at 3.] Bank of America and Wells Fargo are not citizens of the State of South Carolina. Both are federally chartered national banks organized under the laws of the United States of America. A national bank is a citizen of "the State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Bank of America's "main office, as set out in its articles of association, [is] in North Carolina." *Blake v. Bank of Am.*, 2011 WL 2650849, at *1 (M.D. Ala. July 6, 2011); [Doc. 23-6]. Similarly, "Wells Fargo Bank's articles of association designate Sioux Falls, South Dakota, as the location of Wells Fargo Bank's main office." *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 2008 WL 5429134, at *1

2

(D. Minn. Dec. 29, 2008). Therefore, the plaintiff and Defendants Bank of America and Wells Fargo are citizens of different states, and this Court has original jurisdiction over this action.

The plaintiff may be making some procedural challenge to the technical removal itself. It is sound. The filing was made within 30 days of attempted service on the defendants. [Docs 1, 231.] All state court documents were attached to the Notice of Removal. [Doc. 1-1.] The removal document was signed and noticed properly. The "s/" followed by the attorney's name is a valid electronic signature.

To the extent the plaintiff means to raise concerns about a forum selection clause, it plainly provides for litigation here in federal court. [Doc. 1-1 at 9 (reading "in the state or federal courts in the state whose laws govern your Account").] The plaintiff makes other arguments about cases not related to this one, which do not change the view of the undersigned as to the propriety of the removal.

The plaintiff has also made some annotated and footnoted accusations against the undersigned and Chief Judge Margaret Seymour. Politely, they are baseless.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the plaintiff's motion to remand [Doc. 21] should be DENIED.

                                              s/Bruce H. Hendricks
                                              United States Magistrate Judge

June 5, 2012
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).