IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Almia J. McCrief, ) | |
| ) | C/A No. 2:12-72-MBS-BHH |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Wachovia Bank, a/k/a Wells Fargo Bank, ) | |
| and Bank of America, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

On December 5, 2011, Plaintiff filed a *pro se* action in the Court of Common Pleas for the County of Charleston, South Carolina, asserting various causes of action against Defendants. ECF No. 1-1. Defendants removed the case to this court on January 6, 2012. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the case was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. On January 24, 2012, Plaintiff filed a motion to remand the case to state court. ECF No. 21. Defendants filed responses in opposition on January 31, 2012, and February 8, 2012. ECF No. 23 & 27.

On June 5, 2012, the Magistrate Judge issued a Report and Recommendation in which she recommended that Plaintiff's motion to remand be denied. ECF No. 40. Plaintiff filed objections to the Report and Recommendation on June 25, 2012, and further objections on June 29, 2012. ECF No. 42 & 44. Defendants filed replies on July 6, 2012, and July 9, 2012. ECF No. 45 & 49.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). This court may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* This court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

Plaintiff appears to argue the removal of this case based on diversity jurisdiction was fraudulent because all parties reside in the same state, South Carolina. Under 28 U.S.C. § 1332(a), federal diversity jurisdiction exists when an action is between citizens of different states and the amount in controversy is greater than $75,000. As the Magistrate Judge noted, "[a] national bank is a citizen of 'the State designated in its articles of association as its main office.'" ECF No. 40 at 2 (citing *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006)). The Magistrate Judge further found that Bank of America's main office is in North Carolina and Wells Fargo Bank's main office is in South Dakota. *Id.* Plaintiff states that he is a citizen of South Carolina and demands more than $75,000 in damages. Accordingly, diversity jurisdiction is proper. Although Plaintiff presents a number of other arguments, these are either unclear, irrelevant, or otherwise without merit.

After a *de novo* review of the record in this case, the court determines that Plaintiff's objections to the Report and Recommendation are without merit. Accordingly, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein. Plaintiff's

motion to remand is denied.

**IT IS SO ORDERED**.

                                                   s/ Margaret B. Seymour
                                                   Margaret B. Seymour
                                                   Chief United States District Judge

Columbia, South Carolina

July 24, 2012.