IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Almia J. McCrief, ) | Civil Action No.: 2:12-72-RMG-BHH |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Wachovia Bank a/k/a Well Fargo ) | |
| Bank and Bank of America, ) | |
| ) | |
| Defendants. ) | |

The Plaintiff Almia J. McCrief ("Plaintiff" or "McCrief") filed the instant action on December 5, 2011, in the Charleston County Court of Common Pleas. (Dkt. No. 1.) Defendants removed the case to federal court on January 6, 2012, on the basis of diversity jurisdiction. (See Dkt. No. 1.)

On January 24, 2012, Plaintiff filed a Motion to Remand. (Dkt. No. 21.) Shortly thereafter, Plaintiff filed a Motion for Recusal of the undersigned. (Dkt. No. 26.) The undersigned denied Plaintiff's Motion for Recusal, an order that was ultimately affirmed by then-presiding Judge Seymour. (Dkt. No. 28; Dkt. No. 33; Dkt. No. 54.) On June 5, 2012, the undersigned issued a Report and Recommendation ("R&R"), recommending that Plaintiff's Motion to Remand be denied. (Dkt. No. 40.) On July 24, 2012, Judge Seymour adopted the R&R and denied Plaintiff's Motion to Remand. (Dkt. No. 52.)

After Judge Seymour denied Plaintiff's Motion to Remand, Plaintiff filed an interlocutory appeal. (See Dkt. No. 61.) On December 13, 2012, the undersigned issued the following text order staying the case:

> TEXT ORDER staying this case as an exercise of the Court's discretion, as recognized in R.M.S. Titanic, Inc. v. Wrecked and Abandoned Vessel, 327 F. Supp. 2d 664, 665-66 (E.D. Va. 2004) (citing Columbus-America Discovery Group v. Atlantic Mut. Ins., 203 F.3d 29, 301-02 (4th Cir. 2000)). The outcome of the pending interlocutory appeal has the potential to disrupt any rulings of this Court made in the interim. The plaintiff seeks to remand the whole matter. Accordingly, the Court would stay the case until that appeal is resolved. IT IS SO ORDERED.

(Dkt. No. 67.) Prior to the appeal and stay, however, both Defendants filed Motions to Dismiss. (See Dkt. No. 46; Dkt. No. 58.)

On July 6, 2012, Defendant Bank of America filed a Motion to Dismiss. (Dkt. No. 46.) By order of this court filed July 9, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to respond adequately. (Dkt. No. 47.) Plaintiff's response to Bank of America's Motion to Dismiss was due on August 13, 2012. (Dkt. No. 47.) On August 3, 2012, Defendant Wachovia Bank filed a Motion to Dismiss. (Dkt. No. 58.) By order of this court filed August 7, 2012, again pursuant to *Roseboro*, the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to respond adequately. (Dkt. No. 59.) Plaintiff's response to Wachovia Bank's Motion to Dismiss was due on September 10, 2012. (Dkt. No. 59.) Instead of responding to these motions, however, Plaintiff filed his interlocutory appeal. (Dkt. No. 61.)

On December 26, 2012, the United States Court of Appeals for the Fourth Circuit issued an order dismissing the appeal for lack of jurisdiction. (Dkt. No. 70.) The mandate was filed on January 17, 2013. (Dkt. No. 74.)

On January 24, 2013, the stay was lifted. (Dkt. No. 75.) That same day, the undersigned issued an order giving Plaintiff through February 8, 2013, within which to respond to Bank of America's Motion to Dismiss and Wachovia Bank's Motion to Dismiss. (Dkt. No. 76). That order further stated,

> The Plaintiff is advised that if he fails to respond, this action will be subject to dismissal for failure to prosecute pursuant to F. R. Civ. P. 41(b), and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989). The dismissal will be considered an adjudication on the merits, i.e., with prejudice.

(Dkt. No. 76.)

To date, Plaintiff has not responded to Bank of America's Motion to Dismiss or Wachovia Bank's Motion to Dismiss.

Based on the foregoing, it appears the Plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

                                                 s/Bruce Howe Hendricks
                                                 United States Magistrate Judge

February 8, 2013
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).