IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Almia J. McCrief, ) | |
| ) | Civil Action No. 2:12-72-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Wachovia Bank a/k/a Wells Fargo Bank, ) | |
| and Bank of America, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge (Dkt. No. 86) as to the Defendants' separate motions to dismiss (Dkt. Nos. 46, 58). As set forth below, the Court agrees with and adopts the Report and Recommendation as the order of the Court.

**Background**

Plaintiff Almia J. McCrief ("Plaintiff"), proceeding pro se, filed this civil action in state court which Defendants later removed on January 6, 2012. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) DSC, this matter was referred to a Magistrate Judge for pretrial handling. Construed liberally, Plaintiff's complaint asserts causes of action against Defendants for breach of contract, fraud, civil conspiracy, conversion, and violation of the South Carolina Uniform Commercial Code ("UCC"). In this action, Plaintiff is attempting to recover an alleged $200,000 in cashier's checks which he purchased from Defendant Wachovia Bank a/k/a Wells Fargo Bank ("Wells Fargo") and delivered to Capital Consortium Group ("CCG"), the payee, in 2006 and 2007, and which were subsequently deposited into CCG's account at Defendant Bank of America ("BofA"). Plaintiff appears to be a

1

victim of the large-scale fraud perpetrated by CCG upon many South Carolina citizens. Defendants filed separate motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. Nos. 46, 58). Plaintiff then filed a response in opposition to the motions to dismiss. (Dkt. No. 82). The Magistrate Judge then issued a Report and Recommendation ("R&R") regarding these motions. (Dkt. No. 86). All parties then filed objections to the R&R. (Dkt. Nos. 89, 91, 92, 93, 94).[1]

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Law/Analysis

The Magistrate Judge suggests alternative rulings on Defendants' separate motions to dismiss: to grant the motions due to Plaintiff's effective failure to prosecute the action, or to grant the motions in part and deny them in part on their merits. (Dkt. No. 86 at 10). Upon review of the record and the R&R, and considering Plaintiff's pro se status, the Court will address the motions on their merits and adopts the Magistrate Judge's recommendations as the order of the Court.

---

[1] Plaintiff's objections filed February 13, 2013 (Dkt. No. 89) appear to have been filed in response to a R&R regarding Defendants' motions to dismiss which the Magistrate Judge subsequently vacated. (Dkt. Nos. 80, 83). Plaintiff's other objections (Dkt. Nos. 93, 94) were improperly submitted to the Court via fax and did not contain Plaintiff's original signature. (*See* Dkt. No. 95). The Court, however, has considered these filings when ruling on the present motions.

## I.    Breach of Contract

The Court agrees with the Magistrate Judge that Plaintiff's breach of contract claim against BofA should be dismissed, but that his breach of contract claim against Wells Fargo may proceed. (Dkt. No. 86 at 4-5). As against BofA, Plaintiff has not made any allegation that he entered into a contract with that bank, nor do the background facts supplied by Plaintiff's complaint support one. In contrast, Plaintiff alleges he entered into a consumer account agreement with Wells Fargo and that his account was subsequently frozen by Wells Fargo in violation of the agreement.[2] The Court agrees with the Magistrate Judge that these allegations are sufficient for Plaintiff's claim for breach of contract against Wells Fargo to move forward.

## II.    Fraud

The Court agrees with the Magistrate Judge that Plaintiff's claims for fraud against Defendants should be dismissed. The basis for Plaintiff's claim for fraud is that the Defendants conspired to accept cashier's checks that had no payee endorsements. (Dkt. No. 1-1 at ¶ 5). However, Plaintiff makes no allegation that any representations were made to him, which he did not know to be false, and upon which he relied. *See Ardis v. Cox*, 431 S.E.2d 267, 269 (S.C. Ct. App. 1993) (stating elements for fraud). Therefore, the Court agrees with the Magistrate Judge that Plaintiff has failed to plead sufficient facts to state a claim for fraud against Defendants.

## III.    Civil Conspiracy

The Court agrees with the Magistrate Judge that Plaintiff's civil conspiracy claim fails to allege facts sufficient to state a cause of action, but that Plaintiff should be granted leave to amend his claim. Special damages are an essential element to a claim for civil conspiracy which must be specifically pleaded. *Charleston Aluminum, LLC v. Samuel, Son & Co.*, No. 3:05-2337-

---

[2] Wells Fargo objects that Plaintiff's complaint alleges only that CCG's accounts were frozen. (Dkt. No. 91 at 3). The Court agrees with the Magistrate Judge, however, that Plaintiff's complaint alleges a freezing of his own account. (*See* Dkt. No. 1-1 at 2 n.1).

MBS, 2006 WL 2370292, at *2-3 (D.S.C. Aug. 15, 2006). Here, Plaintiff has failed to state specifically what special damages he suffered due to any alleged civil conspiracy. However, considering Plaintiff's pro se status, the Court agrees with the Magistrate Judge that Plaintiff should be allowed fifteen days from the issuance of this order to amend his complaint to allege special damages.

## IV.    South Carolina Uniform Commercial Code and Conversion

Finally, the Court agrees with the Magistrate Judge that Plaintiff's claims for violation of the UCC and for conversion must be dismissed. The core of Plaintiff's allegations is that BofA deposited cashier's checks without endorsement. However, as noted by the Magistrate Judge, a purchaser of a cashier's check has no standing to pursue claims on the check against the depositary bank under the UCC. *See Cassello v. Allegiant Bank*, 288 F.3d 339, 342 (8th Cir. 2002). Further, the depositary bank becomes a holder of a cashier's check regardless of endorsement where its customer at the time of delivery was a holder, whether or not the customer indorses the item. S.C. Code § 36-4-205(1). In this case, CCG was a customer of BofA, the depositary bank. Therefore, the Court dismisses Plaintiff's claims under the UCC. Furthermore, Plaintiff's claim for conversion has been displaced by the UCC and should also be dismissed. *See Flavor-Inn, Inc. v. NCNB Nat'l Bank of S.C.*, 424 S.E.2d 534, 536 (S.C. Ct. App. 1992).

## Conclusion

As set forth above, the Court adopts the R&R as the order of the Court (Dkt. No. 86). Accordingly, the Court GRANTS in part and DENIES in part Defendants' motions to dismiss. (Dkt. Nos. 46, 58). Specifically, the Court dismisses Plaintiff's claims against Defendants for fraud, conversion, and violation of the South Carolina Uniform Commercial Code. Plaintiff's

breach of contract claim is dismissed as to BofA but may proceed as to Wells Fargo.  Finally, the

Court grants Plaintiff leave to amend his complaint, within fifteen days of this order, to allege

special damages regarding his claim for civil conspiracy.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March ___, 2013
Charleston, South Carolina