IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Almia J. McCrief, | ) |
|                  Plaintiff, | ) Civil Action No. 2:12-CV-72-RMG-BHH |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Wachovia Bank a/k/a Wells Fargo Bank and Bank of America, | ) **OF MAGISTRATE JUDGE** |
|                  Defendants. | ) |

This matter is before the Court on the defendants' separate and renewed motions to dismiss the plaintiff's amended complaint [Doc. 99]. [Doc. 100, 101.] In his original Complaint, the plaintiff pled claims for fraud, breach of contract, civil conspiracy, conversion, and pursuant to the South Carolina Uniform Commercial Code. The district court adopted the undersigned's recommendation as to them, and dismissed the plaintiff's claims against the defendants for fraud, conversion, and violation of the South Carolina Uniform Commercial Code. [Doc. 96.] The district court also dismissed the breach of contract claim against Defendant Bank of America but permitted it to proceed against Defendant Wells Fargo. The plaintiff, however, was given leave to amend his Complaint with respect to his civil conspiracy claim. *Id*.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## BACKGROUND

As stated in the prior report and recommendation of this Court, it is not apparent from the Complaint or Amended Complaint the precise context of this case, but the defendants have offered some background. The defendants represent that the plaintiff was one of many unfortunate victims of a large scale fraud perpetrated by non-party Capital Consortium Group, LLC ("CCG) upon numerous citizens of the State of South Carolina. The plaintiff, in this case, is attempting to recover an alleged $200,000 in cashier's checks which the plaintiff purchased from Defendant Wachovia Bank a/k/a Wells Fargo Bank ("Wells Fargo") and delivered to CCG, the payee, in 2006 and 2007, and which were subsequently deposited into CCG's account at Bank of America. (Compl. at 2-4.)

Specifically, the plaintiff has alleged that between 2006 and 2007, he purchased seventeen cashier's checks from Wells Fargo totaling $200,000, each of which shows CCG as payee. (See Compl. at 4 & n.3, ¶¶ 8 & 9.) The plaintiff then delivered each of the checks to CCG who subsequently deposited them into CCG's accounts at Bank of America.

Somehow, not apparent to the Court from the pleadings, the plaintiff did not receive the benefit of these checks from CCG but would hold defendants liable.

On September 5, 2007, this district court entered an Order in *In re: A Matter Under Investigation by Grand Jury Number 1*, No. 3:07-mc-135, regarding the forfeiture of property owned or controlled by Tony Pough, Joseph Brunson, and Timothy McQueen, principles of CCG, including assets in CCG's account at BofA. [Doc. 46 Ex. 1.] The September 2007 Order appointed Beattie B. Ashmore, Esquire as Receiver for those individuals and ordered him to take immediate possession of all their assets. *Id*. at 2. Persons who considered themselves a victim of the fraud were required to mail a completed proof of claim form to

2

the Receiver, and any exceptions to this requirement required approval of this Court. [Doc. 46 Ex. 3 at 3.][1]

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief.  In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)).

## DISCUSSION

The plaintiff has filed an Amended Complaint, which hardly relates to his original one.  Instead, the plaintiff has elected to use the opportunity afforded by the Court to amend, to complain about the reassignment of this case to the Honorable Richard M. Gergel and to rehash arguments for remand.  The Court has already denied the plaintiff's

---

[1] The Court does not interpret these Orders as barring any independent legal claim against the defendants.  The proof of claim procedure certainly barred any claims for assets of the above individuals, made after a certain date, but it does not appear that non-participating victims would somehow be barred from bringing any legal action.

motion for remand [Doc. 52] and the reassignment of this case to Judge Gergel was permissible. Regardless, these kinds of objections are not related to the underlying allegations in this case and could not be joined to them even if they were sensible. The plaintiff has, however, succeeded only in replacing an original Complaint, which was extraordinarily difficult to understand, with one that alleges essentially nothing.

The undersigned expressly warned against this:

> **The plaintiff is reminded that any amended pleading he files will replace his original complaint and, therefore, should be as comprehensive as the original complaint with the addition of any other statements he would make about damages, if any**.

The plaintiff attempts to incorporate the substance of his prior Complaint by reference. But, the Court expressly explained that the two would not be treated as an integrated document.

**I.     Civil Conspiracy**

Regardless, neither the original nor the amended nor any combination of the two Complaints satisfies the Court's concern over the plaintiff's failure to properly plead a civil conspiracy claim. Namely, the Court had previously observed that the plaintiff had not plead any special damages, as required. Leave to amend was granted precisely for the plaintiff to do so, if possible. To prove a claim for civil conspiracy, a plaintiff must show: "(1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, and (3) causing plaintiff special damage." *Hackworth v. Greywood at Hammett, LLC*, 682 S.E.2d 871, 874 (S.C. Ct. App. 2009). "A claim for civil conspiracy must allege additional acts in furtherance of a conspiracy rather than reallege other claims within the complaint." *Id*. "Moreover, because the quiddity of a civil conspiracy claim is the special damage resulting to the plaintiff, the damages alleged must go beyond the damages alleged in other causes of action." *Id*.

Rule 9(g) of the Federal Rules of Civil Procedure requires items of special damages to be specifically stated. Fed. R. Civ. P. 9(g). In his first Complaint, the plaintiff did not use the term of art "special damages" nor did he seem to point to any which might qualify. (See generally Compl.) "Special damages are those elements of damages that are the natural, but not the necessary or usual, consequence of the defendant's conduct." *Hackworth*, 682 S.E.2d at 875 (citing *Loeb v. Mann* , 18 S.E. 1, 2 (S.C. 1893)). "General damages are inferred by the law itself, as they are the immediate, direct, and proximate result of the act complained of." *Id*. (citing Sheek v. Lee, 345 S.E.2d 496, 497 (S.C. 1986)). "Special damages, on the other hand, are not implied at law because they do not necessarily result from the wrong." *Id*.

His Amended Complaint says even less than his Complaint. There is essentially no mention of damages of any kind or even the merits of any substantive claim, generally. And, as stated, his incorporation of prior averments cannot save the pleading because they Defendant Wells Fargo's original motion to dismiss were already deemed deficient.

The Court is sorry that the plaintiff believes he has been done an injustice by the Court in the handling of his case. It has been the undersigned's every ambition to give him opportunity and even guidance as to how better to present his allegations, in both substance and aesthetic. For whatever reason, the plaintiff has refused it. There is no legal error in either the jurisdiction of this Court or the venue of this Division, which has ever prejudiced the plaintiff in his case. Either because he cannot, or will not, do different, his claim for conspiracy fails.

## II.     **Breach of Contract (Wells Fargo)**

The only remaining issue is whether the plaintiff's breach of contract claim against Wells Fargo continues, notwithstanding his failure to replead it in the Amended Complaint. The district court previously agreed that it should survive Defendant Wells Fargo's original motion to dismiss, assuming the most liberal possible view. [See Doc. 96.] Over this

Court's instruction, however, the plaintiff has filed an amended and superseding pleading, which makes no mention of any breach of contract claim, thus, theoretically defaulting it. As discussed, however, the plaintiff attempts to specifically incorporate his prior allegations into his amended ones, which is technically permissible pursuant to Federal Rule Civil Procedure 10(c).  But, Defendant Wells Fargo emphasizes case law that suggests that for such incorporation to be effective it must expressly reference specific allegations.  *See Fullerton v. Maynard*,1991 WL 166400, at *2 (10th Cir. August 29, 1991).  The plaintiff has not been *specific* about anything.  That being said, the undersigned would be reticent to recommend the harshest result that the plaintiff cannot, in fact do, what he plainly intended to do – keep alive his prior allegations.  At the same time, the plaintiff's filings are getting increasingly less helpful.  He has not shown any consistent ability to participate in this litigation meaningfully.  It seems a weird result to allow the breach of contract claim to persist.  Notwithstanding, the Court would recommend that it should.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendants' motions to dismiss [Docs. 100, 101] should be GRANTED and the plaintiff's claim for civil conspiracy dismissed *with prejudice*.  To the extent this recommendation is adopted, the Defendant Bank of America should also be terminated as a party, as no viable claims would remain as to it.  The Court would also recommend, unenthusiastically, that the breach of contract claim, against Defendant Wells Fargo, should continue.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

November 8, 2013
Charleston, South Carolina


**The plaintiff's attention is directed to the important notice on the next page.**

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).