IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Almia J. McCrief, ) | |
| ) | Civil Action No. 2:12-72-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Wachovia Bank a/k/a Wells Fargo Bank, ) | |
| and Bank of America, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R"), (Dkt. No. 123), that this Court grant Defendant Bank of America's motion to dismiss, (Dkt. No. 101), and grant in part Defendant Wachovia Bank a/k/a Wells Fargo Bank's ("Wells Fargo") motion to dismiss, (Dkt. No. 100). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

**Background**

Plaintiff Almia J. McCrief ("Plaintiff"), proceeding pro se, filed this civil action in state court which Defendants later removed on January 6, 2012. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) DSC, this matter was referred to a Magistrate Judge for pretrial handling. Construed liberally, Plaintiff's original complaint asserted causes of action against Defendants for breach of contract, fraud, civil conspiracy, conversion, and violation of the South Carolina Uniform Commercial Code ("UCC"). Defendants then filed separate motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. Nos. 46, 58). Plaintiff then filed a response in opposition to the motions to dismiss. (Dkt. No. 82). The Magistrate Judge then issued an R&R regarding these

1

motions. (Dkt. No. 86). The Court then adopted the R&R and dismissed all Plaintiff's claims except for the breach of contract claim against Wells Fargo and the civil conspiracy claim for which the Court allowed leave to amend the complaint. (Dkt. No. 96). Plaintiff then filed an amended complaint, (Dkt. No. 99), and Defendants filed renewed motions to dismiss, (Dkt. Nos. 100, 101). Plaintiff then filed a response in opposition to the motions. (Dkt. No. 105). The Magistrate Judge then issued the present R&R, (Dkt. No. 123), and Plaintiff filed objections, (Dkt. No. 128).

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

### Discussion

After review of the record, the R&R, and Plaintiff's objections, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R&R as the order of the Court. The Court agrees with the Magistrate Judge that Plaintiff's amended complaint does not contain any allegations of special damages and therefore his claim for civil conspiracy must be dismissed. The Court also shares the Magistrate Judge's concern about Plaintiff's inability or unwillingness to heed the directions of the Court to clarify his allegations and claims. His objections do not help in this regard. Rather, they appear to be

only conclusory accusations of bias against the Magistrate and District Judges assigned to this case. The Court finds these objections are unresponsive to the R&R and provide no basis for finding error in its reasoning.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 123). Accordingly, the Court GRANTS Defendant Bank of America's motion to dismiss, (Dkt. No. 101), and GRANTS in part Defendant Wachovia Bank a/k/a Wells Fargo Bank's motion to dismiss, (Dkt. No. 100). Plaintiff's claims for civil conspiracy are therefore dismissed with prejudice, but Plaintiff's claim against Wells Fargo for breach of contract may proceed. Since all claims against Bank of America are dismissed, the Clerk is directed to terminate Bank of America as a party to this action.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 4, 2013
Charleston, South Carolina

3