IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Almia J. McCrief,  )  <br>                                        )  <br>                       Plaintiff,   )  <br>                                        )  <br>            v.                        )  <br>                                        )  <br>Wachovia Bank a/k/a Wells Fargo  )  <br>Bank and Bank of America,   )  <br>                                        )  <br>                       Defendants.  )  <br>                                        ) | Civil Action No.2:12-cv-72-RMG-WWD  <br>  <br>**REPORT AND RECOMMENDATION**  <br>**OF MAGISTRATE JUDGE** |

This matter is before the court on the motion of Defendant Wachovia Bank d/b/a Wells Fargo - hereafter simply Wells Fargo - for summary judgment. Plaintiff has responded in opposition to the motion and in this posture, the motion is ripe for disposition. For the reasons which follow, the motion should be granted.

**DISCUSSION**

Plaintiff instituted this action in a complaint naming several Defendants, but only Wells Fargo remains. Reduced to its essence, Plaintiff complains that he lost $200,000.00 (or at least, he is "'out" of that amount) which is the amount he purchased in official checks from Wachovia Bank, the predecessor in business of Wells Fargo. At Plaintiff's instruction, the checks were made payable to Capital Consortium Group (CCG). Unfortunately for him, Plaintiff was the victim of a Ponzi scheme perpetrated by CCG, also known as "Three Hebrew Boys," where CCG solicited money from individuals purportedly for various debt reduction and financial planning schemes. Many persons, not just Plaintiff, lost money by this scheme and the perpetrators of the scheme were the subject of a federal prosecution. The bank accounts of the perpetrators were frozen for the benefit of the victims (none of those accounts was at either bank which Plaintiff sued in this action), and the federal court appointed a receiver to process claims from those victims. Through the claims process, the victims were paid certain sums in restitution. Plaintiff did not seek restitution, but he has

sued Wells Fargo on his theory that Wells Fargo has wrongfully withheld his money from him.

To the contrary, Wells Fargo shows that the official checks which Plaintiff purchased are negotiable instruments and are a bank's checks on another bank handled through a third-party vendor, also called a "teller's check."  Defendant describes a precise process which is followed in respect of these checks. The purchaser (the remitter), in this case the Plaintiff, instructs the issuing bank as to whom the check is made payable (the payee) and in what amount. Upon the purchase of an official check, the issuing bank debits the account of the remitter or it will accept other forms of payment including cash from the remitter in the amount of the check. If the remitter's account is debited to fund the official check, the funds are immediately withdrawn from the remitter's account. This process is immediate and it does not result in a hold or "freeze" on the remitter's account. The funds are held in a separate account of the issuing bank. The official check is issued from the account of the issuing bank. When the payee deposits the official check into his or her bank account, the receiving bank presents the check to the issuing bank, which pays the check from funds in its own accounts. Official checks are often used to make large payments. They provide more certainty to the payee than a personal check because the official check is issued by the bank to the payee vice coming directly from the account of the remitter.

During the time relevant to Plaintiff's complaint, Wells Fargo (or more precisely Wachovia before it was merged with Wells Fargo) used a third-party vendor, Integrated Payment Systems, Inc. (IPS) for the processing of official checks. When a remitter purchased an official check, as the issuing bank, Wells Fargo would deposit the remitter's funds into a general ledger account and immediately notify IPS that Wells Fargo had issued the check, along with the check number and the amount. IPS then would sweep the funds for the official check from Wells Fargo's general ledger account and maintain the funds until

the official check was presented for payment. Generally, IPS swept the funds from Wells Fargo's general ledger account within a day of issuance of the official check. Upon presentment of the official check by the payee's bank, the funds were paid by IPS. After Wells Fargo issued the official check and the funds were swept from the general ledger account, Wells Fargo had no further involvement with the official check. In the instance at issue here, Wells Fargo did not receive copies of the official checks as presented by the payee's bank and it did not review the endorsement of the official checks. Indeed, any duty to examine the official checks for proper endorsement by the payee was upon the payee's bank, Bank of America, which presented the official checks to IPS for payment. Wells Fargo had no duty to examine the official checks for proper endorsement and it did not represent to Plaintiff that it would do so. Wells Fargo did as Plaintiff instructed in issuing the official checks; neither Wells Fargo nor Wachovia before it ever froze Plaintiff's accounts related to the purchase of the 17 official checks or for any other reason. The detail of the transactions as shown by Wells Fargo points to the fact that Plaintiff's purchase of the official checks is not governed by account agreements which apply to the run-of-the-mill checking accounts. Official checks are not related to Plaintiff's deposit accounts with Wells Fargo.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, "[t]he opposing party must demonstrate that a triable issue of fact exists; [the opposing party] may not rest upon mere

3

allegations or denials." Wilkins v. Montgomery, 751 F.3d 214, 220 (4th Cir. 2014) (quoting Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994)).

In making a determination on a summary judgment motion, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Judges are not required "to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of that party." Id. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)). Thus, the moving party can bear its burden "either by presenting affirmative evidence or by demonstrating that the nonmovant's evidence is insufficient to establish his claim." Miles v. Bollinger, 979 F.2d 848 (4th Cir. 1992) (unpublished table decision) (citing Celotex, 477 U.S. at 331 (Brennan, J., dissenting)). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323.

So far as it goes, the recitation above comes from Wells Fargo's motion papers. Plaintiff's response to summary judgment, if it can be called a response, does not challenge a single fact which Wells Fargo puts forth. Plaintiff's three-page response complains about the undersigned's handling of the case to this point, and he concludes that he has "properly responded again." Plaintiff may not rest on such an indifferent response. Rule 56(c) of the Federal Rules of Civil Procedure provides, *inter alia*,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> **(A)** citing to ***particular parts*** of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

4

> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1) (emphasis added). The court "need consider only the cited materials." FED. R. CIV. P. 56(c)(3). Plaintiff's vague reference to the record simply does not set forth a genuine issue of material fact. See Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986) ("[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." (internal quotation marks and citation omitted)); United Slates v. 5443 Suffield Terrace, Skokie, Ill., 607 F.3d 504, 510 (7th Cir. 2010) ("[S]aying so doesn't make it so; summary judgment may only be defeated by pointing to admissible evidence in the summary judgment record that creates a genuine issue of material fact, and it was not the district court's job to sift through the record and make [the party's] case for him."); Holland v. Sam's Club, 487 F.3d 641, 644 (8th Cir. 2007) ("[T]he district court is not obligated to wade through and search the entire record for some specific facts which might support the nonmoving party's claim, rather the nonmoving party must designate the specific genuine issues of material fact that preclude summary judgment." (internal quotation marks and citation omitted)); Chicago Title Ins. Corp. v. Magnuson, 487 F.3d 985, 995 (6th Cir. 2007) ("A district court is not required to search the entire record to establish that it is bereft of a genuine issue of material fact." (internal quotation marks and citation omitted)); Amnesty Am. v. Town of West Hartford, 288 F.3d 467, 470 (2nd Cir. 2002) (Rule 56 "does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute."); Ragas v. Tenn. Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." (internal quotation marks and citation omitted)); cf. United

States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

The summary judgment procedure provides that "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion" or the court may grant a properly supported summary judgment motion. FED. R. CIV. P. 56(e). Wells Fargo's moving papers carefully and fully address the purported claims in Plaintiff's complaint. Critically, Wells Fargo shows that the account agreements which apply to Plaintiff's deposit accounts with the bank have no relation to the official checks. In this regard, Wells Fargo has shown that there was no freezing of Plaintiff's accounts as he at least impliedly alleges. There was no breach of contract - Wells Fargo did as Plaintiff instructed.

## CONCLUSION

Wherefore, it is RECOMMENDED that the motion for summary judgment filed by Defendant Wachovia Bank a/k/a Wells Fargo Bank (Dkt. No. 156) be GRANTED.

IT IS SO RECOMMENDED.

WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

September 11, 2014
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).